■ CITY OF NEW YORK, Appellant, v MANCINI-CIOLO, INC., et al., Respondents.—In an action for a judgment declaring, *inter alia,* that the defendant violated 10 NYCRR part 128, and for a permanent injunction, the plaintiff City of New York appeals from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), dated May 6, 1992, as denied its motion for a preliminary injunction and granted the defendants' cross motion to dismiss the complaint.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion to dismiss the complaint is denied, and the

matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.

The Supreme Court erred in dismissing the complaint based upon the Statute of Limitations provided for in Town Law §§ 282 and 274-a (3). Contrary to the defendants' contention, the City's action was not brought to seek review of a planning board determination but, rather, was brought pursuant to its independent authority to enforce Public Health Law § 1100 *et seq.* and the relevant implementing regulations. Public Health Law article 11 pertains to the public water supplies and empowers the New York City Commissioner of Environmental Protection to make rules and regulations for the protection of all public supplies of potable waters which constitute a part of the source of New York City's water supply *(see,* Public Health Law § 1100 [1]). Public Health Law § 1102 (3) (a) empowers the New York City Commissioner of Environmental Protection to "summarily enforce compliance" with the rules and regulations made pursuant to the Public Health Law and to "summarily abate or remove the cause of the violation" following appropriate notification. Furthermore, the City of New York is entitled to maintain an action "for an injunction restraining the person from violating such rule or regulation" (Public Health Law § 1102 [3] [b]).

The defendants have commenced construction of a residential subdivision which is situated directly adjacent to and uphill of New York City's Middle Branch reservoir without obtaining approval for their septic systems from the Department of Environmental Protection of the City of New York (hereinafter DEP). This City-owned reservoir provides drinking water for the City of New York. The City's Croton Falls reservoir lies to the west of the subdivision. In addition, final subdivision approval was conditioned upon the defendants "receiving all approvals of * * * sewage disposal facilities from the DEP if applicable".

Under these circumstances, we find that the defendants' activities are subject to the enforcement provisions of Public Health Law § 1102 and the rules and regulations enacted pursuant thereto. 5 RCNY § 18-03 (g) provides that, "[a]ll sewage disposal systems shall be operated and maintained in a manner approved by the [DEP]. Before any existing disposal system is altered or any new sewage disposal system is constructed, the plans in relation thereto shall have been first approved by the Department." 10 NYCRR 128.1 (c) (7) and 10 NYCRR Appendix 75-A.2 (a) mandate similar approval from DEP. After appropriate notification to the defendants of their

failure to obtain required approval, DEP and the City of New York were thus entitled to maintain this action.

We note that notwithstanding that fact that the DEP may have been able to participate in a SEQRA review of the defendants' subdivision application, it maintained independent enforcement authority pursuant to the Public Health Law. SEQRA does not change the existing jurisdiction of agencies nor the jurisdiction among State or local agencies *(see,* ECL 8-0103 [6]; 6 NYCRR 617.3 [b]).

In light of our reinstatement of the complaint and since the Supreme Court did not address the merits of the motion for a preliminary injunction, we remit the matter of the Supreme Court, Putnam County, for a new determination thereon. Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.