■ Franklin E. White et al., Appellants, v Westage Development Group, Inc., et al., Respondents. [595 NYS2d 507] —In

an action by, *inter alia,* the Commissioner of New York State Department of Transportation to enforce the terms and conditions of a Highway Work Permit issued to the defendant Westage Development Group, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), entered January 3, 1991, as denied their motion for summary judgment as to liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the defendants' cross motion is denied, the plaintiffs' motion is granted, the plaintiffs are granted summary judgment as to liability, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

The New York State Department of Transportation (hereinafter the DOT) brought this action to enforce the conditions of a Highway Work Permit issued to the defendant Westage Business Center Associates (hereinafter Westage) for the construction of two access drives from State Route 9 to serve Westage's proposed commercial development. In 1985, Westage sought permission to construct a commercial development at the northwest quadrant at the intersection of Interstate Route 84 and State Route 9 in the Town of Fishkill, Dutchess County. Pursuant to the New York State Environmental Quality Review Act (hereinafter SEQRA), an environmental impact statement was made and among the concerns listed was the increased traffic at the intersection of State Route 9 and Interstate Route 84. The Town of Fishkill Planning Board (hereinafter the Planning Board) issued a Final Site Plan Approval which was conditioned upon Westage relocating the existing westbound access ramp from State Route 9 to Interstate Route 84 if required by the DOT.

In September 1987 after the defendants began construction of the development, the DOT issued the Highway Work Permit, conditioned upon its receipt of Westage's realignment of the westbound "on-ramp" to Interstate Route 84 from State Route 9. Four months after receiving the Highway Work Permit, but more than one year after the Planning Board's Final Site Plan Approval, the defendants challenged those conditions in a proceeding pursuant to CPLR article 78 in the Supreme Court, Albany County. That proceeding was dismissed as time-barred, and the judgment affirmed by the Appellate Division, Third Department *(see, Matter of Westage*

*Dev. Group v White,* 149 AD2d 790). Thereafter, the Planning Board deleted from the Final Site Plan Approval any condition related to the defendants' obligation to realign and/or relocate the westbound "on-ramp" from State Route 9. The defendants contend that this addendum to the Final Site Plan Approval led them to believe that they were no longer required to comply with the conditions of the DOT's Highway Work Permit.

The DOT brought this action to enforce the terms of the work permit. It moved for summary judgment, arguing that the doctrines of collateral estoppel and/or res judicata bar the defendants from challenging the conditions set forth in the Highway Work Permit. It also argued that it had independent substantive authority under SEQRA and/or the Highway Law to require those conditions. The defendants cross-moved for summary judgment dismissing the DOT's complaint, arguing that it no longer had to comply with the conditions set forth in the Highway Work Permit since the Planning Board deleted them from the Final Site Plan Approval. The Supreme Court, Dutchess County, denied the DOT's motion and granted the defendants' motion, dismissing the complaint. We now reverse.

Pursuant to Highway Law § 52, "no person, firm, corporation, municipality, or state department or agency shall construct or improve, within the state highway right of way an entrance or connection to such highway * * * except in accordance with the terms and conditions of a work permit issued by the commissioner of transportation or his duly designated agent, notwithstanding any consent or franchise granted by any town or county superintendent, or by any other municipal authority" *(see also,* 17 NYCRR 125.2 [a]). Further, "[i]mprovements to the State highway to facilitate safe and unimpeded traffic flow are part of the work required under the work permit and their completion shall be the responsibility of the property owner or developer" (17 NYCRR 125.6 [c]). In connection with this law, 17 NYCRR 125.2 (c), states that "[i]f a property owner, lessee or agent, fails to comply with the terms of a permit or to obtain a permit, the department may halt the activity for which a permit is required until adequate corrections have been made".

Here, the DOT had authority pursuant to Highway Law § 52 and 17 NYCRR part 125, independent of the Planning Board, to impose ramp realignment conditions in the defendants' work permit. Furthermore, since SEQRA does not change the existing jurisdiction of agencies *(see,* ECL 8-0103

[6]; 6 NYCRR 617.3 [b]; *City of New York v Mancini-Ciolo, Inc.,* 188 AD2d 633), the DOT's authority to impose such conditions in the defendants' Highway Work Permit was in no way affected by the Planning Board's addendum removing such conditions from the Final Site Plan Approval. SEQRA did not, as the defendants claim, eliminate the necessity to obtain the DOT's approval. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.