■ In the Matter of CITY OF NEW YORK, Appellant, v ROBERT CALLAHAN, as Chairman of the Town of Southeast Planning Board, et al., Respondents, et al., Intervenors-Respondents. [618 NYS2d 418] —In a proceeding pursuant to CPLR article 78 to, inter alia, compel the Planning Board of the Town of Southeast and the Planning Board Chairman to

require compliance with the conditions contained in a conditional final subdivision approval, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Hickman, J.), dated November 18, 1992, which granted those branches of the separate motions of Robert Callahan and the Town of Southeast Planning Board, and Mancini-Ciolo, Inc., Armando Mastrantoni, Thomas Caracciolo and Angelo Mastrantoni to dismiss the petition on the ground that it was barred by the applicable Statute of Limitations.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the branches of the motions which were to dismiss the petition on Statute of Limitations grounds are denied, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.

The Supreme Court erred in dismissing the petition based upon the Statute of Limitations contained in Town Law §§ 282 and 274-a (3). Contrary to the respondents' and intervenors-respondents' contention, the City of New York did not bring this proceeding to seek review of a planning board determination but, rather, to compel the Planning Board of the Town of Southeast (hereinafter the Planning Board), and the Planning Board Chairman to require compliance with the conditions contained in the conditional final subdivision approval for the Crosby Hill subdivision (see, Southeast Code § 123-13 [G] [2]; § 123-15).

In granting the application for final subdivision approval, the Planning Board made its approval contingent upon the applicant "receiving all approvals of water supply and sewage disposal facilities from the * * * New York City Department of Environmental Protection, if applicable". Such approval is "applicable" in light of our previous holding that the sewage disposal systems for the subdivision in question are subject to the approval power of the New York City Department of Environmental Protection (see, City of New York v Mancini-Ciolo, Inc., 188 AD2d 633).

In light of our reinstatement of the petition and since the Supreme Court did not address the merits of the motions to dismiss, we remit the matter to the Supreme Court, Putnam County, for a new determination thereon. Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.