JOSEPH R. MAYER, JR., an Infant under the Age of Fourteen Years, by JOSEPH R. MAYER, His Guardian ad Litem, Respondent, v. BROOKLYN SAVINGS BANK, Defendant, and EARL DAFFER, Appellant.—Action to recover the proceeds of a bank account as representing a trust fund which became absolute on the death of the depositor. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

ARTHUR S. OTIS and JENNIE M. OTIS, Respondents, v. CASPAR W. HODGSON, Defendant, and KASPAR M. HODGSON, as Executor, etc., of BALM MANN HODGSON, Deceased, Appellant.— Order granting summary judgment under rules 113 and 114 of the Rules of Civil Practice and the judgment entered thereon reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. The pleadings and proof raise issues of fact as to presentment for payment and due notice of dishonor, as well as usury, which can be disposed of only by trial. The power specifically authorizes the agent to pledge the principal's property and borrow money. In view of the decision on the motion for summary judgment, the appeal from the order entered on October 17, 1935, denying motion to require the deposition of a third party for use upon a motion for summary judgment is dismissed. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

PALMER ADVERTISING SERVICE, INC., Respondent, v. GRINNELL COMPANY, INC., and JOHN FISHER, Defendants, and VILLAGE OF TARRYTOWN, Appellant.— Action brought to recover damages to plaintiff's personal property alleged to have been caused by the negligence of the defendant village of Tarrytown in turning on the water from its main into the water pipe leading from its said main to the sprinkler system in plaintiff's premises when said defendant knew or should have known that said pipe was so inadequately constructed as to be insufficient to withstand the pressure of such water, by reason whereof the plaintiff's premises were flooded and plaintiff's said personal property damaged. Judgment in favor of the plaintiff against the defendant village of Tarrytown, entered upon the verdict of a jury, and order denying appellant's motions to dismiss the complaint, to set aside the verdict and to grant a new trial, unanimously affirmed, with costs. No opinion. Present — Young, Carswell, Davis, Adel and Taylor, JJ.