■ In the Matter of COUNTY OF OSWEGO et al., Respondents, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Appellants. [791 NYS2d 189]—

Mugglin, J. Appeal from a judgment and amended judgment of the Supreme Court (Kavanagh, J.), entered December 9, 2003

and December 29, 2003 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, compel respondents to pay the cost of housing parole violators.

Petitioners, in this CPLR article 78 proceeding, are two counties, their respective sheriffs and the New York State Association of Counties (hereinafter NYSAC), a nonprofit municipal corporation appearing on behalf of its 62 member counties. In this proceeding, they seek declaratory and monetary relief, claiming that Executive Law § 259-i (3) (a) (ii) requires respondents to reimburse localities for the cost of housing persons who violate parole, regardless of whether the parolees are also being detained on local criminal charges. The relief sought includes a declaration that respondents' interpretation of the statute was null and void, a permanent injunction prohibiting respondents from following the parole manual guideline and an order requiring respondents to pay arrears to all the counties in the state in accordance with petitioners' interpretation of the statute.

Respondents moved to dismiss the petition, alleging, among other things, that petitioners lack standing and capacity to sue. Supreme Court found that petitioners have standing, but did not address the issue of capacity. The court subsequently granted the petition, in part, finding, among other things, that reimbursement under this statute was governed by whether the parolee is initially detained for a parole violation or initially detained on a local criminal charge and ordered respondents to pay arrears. Respondents now appeal arguing that the court erred in denying their motion to dismiss the petition and in partially granting petitioners' application.*

To establish standing to sue, NYSAC must demonstrate "that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). Respondents contend only that recalculation of each county's reimbursement figures requires the participation of each individual county. Apart from this pure accounting procedure, however, no county is necessarily

---

* Although respondents stated in their notice of appeal that they were appealing the order and amended order denying their motion to dismiss, no appeal as of right lies from an intermediate order in a CPLR article 78 proceeding (*see Matter of Baker v Town of Roxbury*, 220 AD2d 961, 962-963 [1995], *lv denied* 87 NY2d 807 [1996]). In any event, the appeal from the final judgment brings up for review these orders (*see id.*).

required to directly take part in this proceeding as a litigant in order to fully adjudicate the matter and be granted the relief requested (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 331 [1998]).

However, NYSAC lacks legal capacity to sue, i.e., the " 'power to appear and bring its grievance before the court' " (*Silver v Pataki*, 96 NY2d 532, 537 [2001], quoting *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]), an issue separate and distinct from the question of standing. As a general rule, municipal corporate bodies, as subdivisions of the state, cannot contest the actions of the state which affect them in their governmental capacity or as representatives of their inhabitants (*see City of New York v State of New York*, 86 NY2d 286, 289-290 [1995]). By extension, representatives of municipal corporate bodies, such as NYSAC, are equally without legal authority to challenge state action, unless they invoke one of the recognized exceptions to the rule, namely, "(1) an express statutory authorization to bring such a suit . . . (2) where the [s]tate legislation adversely affects a municipality's proprietary interest in a specific fund of moneys . . . (3) where a [s]tate statute impinges upon 'Home Rule' powers of a municipality constitutionally guaranteed under article IX of the State Constitution . . . and (4) where 'the municipal challengers assert that if they are obliged to comply with the [s]tate statute they will by that very compliance be forced to violate a constitutional proscription' " (*City of New York v State of New York, supra* at 291-292, quoting *Matter of Jeter v Ellenville Cent. School Dist.*, 41 NY2d 283, 287 [1977] [citations omitted]). Rather than asserting the existence of one of these exceptions, NYSAC merely contends that it was authorized by unanimous vote of its Board of Directors to bring this proceeding. Thus, it failed to establish capacity in a legal sense (*see Community Bd. 7 of Borough of Manhattan v Schaffer, supra* at 157-159). Because respondents do not contest on appeal the remaining petitioners' legal capacity to bring this proceeding, we now reach the merits of the petition.

Turning to the merits, we note that since its enactment in 1960, Executive Law § 259-i (3) (a) (ii) has been uniformly interpreted by the administrative agencies as requiring the state to pay only while the parolee is held on the parole warrant and not while being detained on other charges, regardless of whether those charges came before or after the parole detention. Despite this well-established practice, petitioners contend that the statute does not prohibit reimbursement when local charges are pending insofar as it fails to include any explicit exception to

the reimbursement language. Petitioners' reading of the statute ignores the reality that on many occasions parole violators are subject to new local charges and, if the person was detained solely by reason of those charges, the cost of housing such detainee would be entirely a local charge.

Lack of any specific exception for the reimbursement when local charges are pending does not require the interpretation urged by petitioners. This conclusion is buttressed by the fact that the statute was amended, following Supreme Court's judgment in this matter, to explicitly exclude reimbursement in cases where a parolee is detained for any period "pursuant to commitment based on an indictment, an information, a simplified information, a prosecutor's information, a misdemeanor complaint or a felony complaint, an arrest warrant or a bench warrant, or any order by a court of competent jurisdiction" (L 2004, ch 56, part J, § 1). Contrary to petitioners' argument, this amendment does not constitute a material change in the law. As a general rule, "amendment of a statute, without more, does not require a change in its judicial construction. In view of the fact that the statute in its original form can be so read, the amendment must be regarded as but a legislative amplification of its previous intent" (*Matter of Eastern Milk Producers Coop. Assn. v State of N.Y. Dept. of Agric. & Mkts.*, 58 NY2d 1097, 1101 [1983]). In light of the legislative history of this statute and the consistent interpretation thereof by respondent Division of Parole, this amendment may be fairly characterized as curative or clarifying.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment and amended judgment are modified, on the law, without costs, by reversing so much thereof as partially granted the petition; petition dismissed in its entirety; and, as so modified, affirmed.