■ In the Matter of JOHN PARETE, Respondent, v JAMES MALONEY, Appellant. [797 NYS2d 779]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered July 15, 2004 in Ulster County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to direct respondent to resign from either his position as Ulster County Legislator or his position as Town Assessor for the Town of Ulster.

In this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, petitioner seeks a judgment requiring respondent to immediately resign from either his elected position of Ulster County Legislator or his appointed position of Town Assessor for the Town of Ulster, claiming that the two positions are incompatible and cannot be simultaneously held by one individual. Further, petitioner seeks a judgment requiring respondent to return—to either the Town or the County—all compensation received by him from the time he began holding both positions until his resignation from one of

them and, if he fails to immediately resign from one of the positions, that his current position as Town Assessor be declared vacant. After holding that petitioner had standing to bring this proceeding and that the Town and County are not necessary parties thereto, Supreme Court ruled that the appointed office of Town Assessor and the elected office of County Legislator are incompatible and may not simultaneously be held by respondent. As a result, the court granted petitioner's application and ordered respondent to resign from one of the positions. Respondent. appeals.

Petitioner concedes that he did not plead or prove standing pursuant to statute (*see* General Municipal Law § 51; *Matter of Dykeman v Symonds*, 54 AD2d 159, 162 [1976]). Nevertheless, he argues that, as Supreme Court found, he has common-law standing to maintain this proceeding. However, petitioner does not qualify for "Common-Law Taxpayer Standing" (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000]) as no impenetrable barrier to judicial scrutiny exists (*see O'Malley v Macejka*, 44 NY2d 530 [1978]). Moreover, were we to reach the merits, we would find that petitioner has not compellingly distinguished *O'Malley v Macejka* (*supra*), which holds that these two positions are not incompatible. As such, the judgment must be reversed.

Mercure, J.P., Crew III and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.