■ NEW YORK STATE ASSOCIATION OF SMALL CITY SCHOOL DISTRICTS, INC., et al., Appellants, v STATE OF NEW YORK et al., Respondents. [840 NYS2d 179]—

Spain, J. Appeal from an order of the Supreme Court (McNamara, J.), entered June 22, 2006 in Albany County, which granted defendants' motion to dismiss the amended complaint.

Plaintiff New York State Association of Small City School Districts, Inc. (hereinafter the Association) and members of the boards of education of 18 of the Association's member school districts originally commenced this action against defendant

---

State of New York in March 2005. The complaint challenges the constitutionality of the education funding system utilized in New York State, seeking a declaration that the represented school districts are so substantially underfunded that they are unable to provide a sound basic education to students as required by NY Constitution, article XI, § 1 (hereinafter the Education Article). Following the State's motion to dismiss based, in part, on a claim that the original plaintiffs lacked the capacity and standing to bring this action, plaintiffs were permitted to amend their complaint to add parents and students from four of the city school districts, and to add the Governor and the Commissioner of Taxation and Finance as defendants. Upon consideration of defendants' motion to dismiss, Supreme Court concluded that only the individually named parent and student plaintiffs had standing to bring this action. Then, on the merits, Supreme Court found that plaintiffs had failed to state a cause of action and dismissed the amended complaint. On plaintiffs' appeal, we now affirm.

Initially, we concur with Supreme Court's conclusion that the Association lacks standing to bring this action. Unquestionably, the Association's individual member school districts lack capacity, inasmuch as the State shares "the traditional principle throughout the United States . . . that municipalities and other local governmental corporate entities and their officers lack capacity to mount constitutional challenges to acts of the State and State legislation" (*City of New York v State of New York*, 86 NY2d 286, 289 [1995]; *see Matter of County of Oswego v Travis*, 16 AD3d 733, 735 [2005]). Additionally, "[m]unicipal officials and members of municipal administrative or legislative boards suffer the same lack of capacity to sue the State with the municipal corporate bodies they represent" (*City of New York v State of New York, supra* at 291). Regardless of its members' lack of capacity, the Association claims its own capacity to sue because it is a private, not-for-profit organization (*see* N-PCL 202 [a] [2]). We hold, however, that the Association's apparent capacity to sue as a private entity does not afford it capacity to bring the instant suit on behalf of its members. Just as "standing cannot be achieved merely by multiplying the persons a group purports to represent," neither can the capacity to sue be achieved by massing together entities that lack individual capacity (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]).

Further, even were we to find that the Association had the legal capacity to bring the instant suit, it lacks organizational standing (*see id.*). The concepts of standing and capacity to sue

are "conceptually distinct" but certainly "allied" (*Matter of Graziano v County of Albany*, 3 NY3d 475, 478-479 [2004]). Indeed, where no member of the Association has the substantive right to bring suit against the State, the Association cannot rely on its interests to predicate its right to bring this action (*see Grumet v Board of Educ. of Kiryas Joel Vil. School Dist.*, 187 AD2d 16, 19 [1992], *mod* 81 NY2d 518 [1993], *affd* 512 US 687 [1994]).

Next, we address the individual school board members' claim to citizen taxpayer standing pursuant to State Finance Law § 123-b.* Under that statute, a citizen taxpayer may challenge "a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property" without demonstrating actual or specific aggrievement (State Finance Law § 123-b [1]). Here, the complaint alleges that, through its inadequate scheme for funding public education, the State has denied small city school districts the minimum funding necessary to provide their students with the opportunity to achieve a sound basic education as mandated by the Education Article (*see Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 316 [1995]). We agree with Supreme Court that this allegation of under funding falls outside the scope of section 123-b, which offers a means for citizen taxpayers to challenge illegal or improper *disposition* of state funds or property, but provides no avenue for taxpayers seeking the allocation of additional funds (*see* State Finance Law § 123-b).

Although there have been occasions when citizen taxpayer standing has been found where it is alleged that state funds or property have been illegally withheld, rather than expended (*see Childs v Bane*, 194 AD2d 221, 225 [1993], *appeal dismissed* 83 NY2d 846 [1994], *lv denied* 83 NY2d 760 [1994]; *Community Serv. Socy. v Cuomo*, 167 AD2d 168, 170-171 [1990]), these cases involved funding set aside for a specific purpose and then, allegedly, improperly allocated. The complaint herein does not address any specific defects or illegalities in the State's methodology in allocating funds, but broadly asserts that the school districts do not get sufficient funding. "[A] claim that state funds are not being spent wisely is patently insufficient to satisfy the minimum threshold for standing" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813 [2003], *cert*

---

* In light of our conclusion that the Association fails to meet the threshold requirement of legal capacity to bring the instant action against the State, we need not address its assertion of citizen taxpayer standing (*see Matter of Graziano v County of Albany, supra* at 479; *Silver v Pataki*, 96 NY2d 532, 537 [2001]).

*denied* 540 US 1017 [2003]). Accordingly, under these circumstances, we agree with Supreme Court that the individual board members have not stated a cause of action under State Finance Law § 123-b.

We also conclude that plaintiffs failed to establish that the individual school board members have common-law standing as individual taxpayers. With the enactment of State Finance Law § 123-b, as a general rule, the statutory test for determining taxpayer standing will be determinative (*see Wein v Comptroller of State of N.Y.*, 46 NY2d 394, 399 [1979]). Common-law taxpayer standing will only be extended where " 'failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998], quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]; *see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000]; *Matter of Parete v Maloney*, 20 AD3d 712, 713 [2005]). Here, the State's action is not insulated from judicial scrutiny if plaintiffs are denied taxpayer standing, given that—as Supreme Court properly concluded in this case—the parents and students of individual school districts can challenge the constitutionally of their school's funding (*cf. Boryszewski v Brydges, supra* at 364). In any event, the individual school board members have failed to assert "proof of special harm different in kind and degree from the community in general" and, thus, they are not eligible for common-law taxpayer standing (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 7 AD3d 934, 936 [2004], *affd* 5 NY3d 36 [2005]; *see Matter of Colella v Board of Assessors of County of Nassau, supra* at 409-410).

Finally, we conclude that the amended complaint was properly dismissed for failure to state a cause of action with regard to the four remaining school districts. In reviewing this issue, "[i]f we determine that plaintiffs are entitled to relief on any reasonable view of the facts stated, our inquiry is complete and we must declare the complaint legally sufficient" (*Campaign for Fiscal Equity v State of New York, supra* at 318; *see New York Civ. Liberties Union v State of New York*, 3 AD3d 811, 811-812 [2004], *affd* 4 NY3d 175 [2005]). A viable cause of action against the State under the Education Article has been recognized where it can be demonstrated that, through some " 'gross and glaring inadequacy' " in their schools, students are being deprived of their right to a " 'sound basic education' " (*Paynter v State of New York*, 100 NY2d 434, 439 [2003], quoting *Board of Educ., Levittown Union Free School Dist. v Nyquist*, 57 NY2d

27, 48 [1982], *appeal dismissed* 459 US 1138, 1139 [1983]; *see Campaign for Fiscal Equity v State of New York, supra* at 318). To state such a cause of action, plaintiffs must allege, "first, that the State fails to provide them a sound basic education in that it provides deficient inputs—teaching, facilities and instrumentalities of learning—which lead to deficient outputs such as test results and graduation rates; and, second, that this failure is causally connected to the funding system" (*Paynter v State of New York, supra* at 440; *see Campaign for Fiscal Equity v State of New York*, 100 NY2d 893, 909-918 [2003]).

Here, however, while the amended complaint alleges deficiencies in the quality of teaching, facilities and resources in small city school districts, that these deficiencies have resulted in poor outputs, such as low standard test results and low high school completion rates, and that such failings are caused by the funding of small city schools at a lower per-student rate than noncity schools, it fails to include any factual allegations which are specific to the four school districts represented by the remaining plaintiffs. To state a cause of action under the Education Article, it is not enough to allege inequalities in the educational opportunities offered by different school districts (*see Paynter v State of New York, supra* at 439, citing *Board of Educ., Levittown Union Free School Dist. v Nyquist, supra* at 48). Further, even where—as here—deficiencies in both inputs and outputs are alleged, the allegations must demonstrate that plaintiffs are harmed by some district-wide failure (*see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 181-182 [2005]). Although district-wide deficiencies are alleged in this complaint, such allegations are premised on accumulated data pertaining, in general, to the small city school districts represented by all of the original plaintiffs; thus, no district-wide failure is alleged for any particular district. Without factual data or statistical support specifically pertaining to the four remaining districts, or other information regarding whether these districts are actually experiencing the problems reflected by the aggregate statistics, it is impossible to determine whether the remaining plaintiffs are actually aggrieved. Accordingly, we hold that Supreme Court did not err in dismissing the amended complaint (*cf. Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 312-318 [1995], *supra*; *see Planck v SUNY Bd. of Trustees*, 18 AD3d 988, 991 [2005], *lv dismissed* 5 NY3d 844 [2005]).

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.