■ In the Matter of TOWN OF HUNTER, Respondent, v CITY OF NEW YORK et al., Appellants. [— NYS2d —]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered June 19, 2007 in Greene County, which, among other things, granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul respondents' adoption of certain recreational use rules.

In August 2006, respondent New York City Department of Environmental Protection (hereinafter DEP) adopted new rules governing the recreational use of water supply lands and waters. These rules applied to all recreational use of New York City lands, lakes and reservoirs owned for water supply purposes, including lands located outside of the metro New York area known as the Watershed.[1] The stated purpose of the new rules was to safeguard an adequate supply of high quality water to respondent City of New York.

Petitioner, a community located within the Watershed which relies on tourism as a primary industry, commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking to annul DEP's action in adopting these rules. Supreme Court determined that, because the subject rules were promulgated without prior approval by the Department of Health as required by Public Health Law § 1100 (1), petitioner was entitled to relief pursuant to CPLR article 78. Thus, the court granted the petition, prompting this appeal. We affirm.

Public Health Law § 1100 (1) authorizes DEP, subject to Department of Health approval, to adopt rules and regulations for the protection of the quality of its water supply (see *Ryder v City of New York*, 32 AD3d 836, 838 [2006], *lv dismissed* 8 NY3d 896 [2007]; *City of New York v Mancini-Ciolo, Inc.*, 188 AD2d 633, 634 [1992]). DEP readily concedes that the subject rules were not approved by the Department of Health. However, it argues that such approval was not necessary because it was acting pursuant to Administrative Code of the City of New York § 24-315, which grants it authority to issue and renew temporary permits for use or occupation of any city property. To this end, DEP disputes that the subject rules are "watershed protection rules, regulating land use throughout the watershed" but, instead, portrays them as "a management tool" for city-owned property.[2] Notably, despite taking a contrary position before Supreme Court, the DEP now concedes that its predecessor recreational rules were in fact submitted to the Department of Health for approval.

---

**1.** Respondent City of New York acquired property within the Watershed pursuant to the 1997 New York City Watershed Memorandum of Agreement. The purpose of these land acquisitions was to protect the City's Watershed and water supply. Under the agreement, DEP agreed to make land within the Watershed open to various recreational uses to preserve the economic viability of the Watershed communities.

**2.** In particular, DEP argued that the new rules were "simply a management tool, efficiently establishing conditions under which [it] allows members of the public to enter city-owned lands in the Watershed, for purposes of promoting safety, preventing liability claims, protecting the land against damage, and avoiding conflicts among different recreational uses."

In our view, the attempt to disavow the Watershed protection aspect of the subject rules, and thus the application of Public Health Law § 1101 (1), is belied by the "statement of basis and purpose" contained within both the "notice of public hearing and opportunity to comment" and the "notice of adoption of rules," as well as the stated "scope and purpose" of the rules themselves. The notice of public hearing states that "[t]he purpose of the proposed rules is to provide further protection to the New York City drinking water supply" and further notes that one component of the new rules (i.e., access permits) "will greatly assist [DEP] in its responsibility to safeguard the integrity of the water supply." The notice of adoption of rules similarly notes that the proposed access permit component of the new rules "will benefit the integrity of the water supply." Most significantly, the rules themselves state that they "are in furtherance of the City's goal of safeguarding an adequate supply of high quality drinking water while allowing compatible recreational use and enjoyment." Because the subject rules have the purpose and effect of protecting the City's water supply in the Watershed, we find that approval by the Department of Health was required pursuant to Public Health Law § 1101 (1). DEP's action in adopting these rules without such approval was therefore in violation of lawful procedure (*see* CPLR 7803 [3]).

As a final matter, to the extent that DEP expands the position it originally took before Supreme Court by arguing that Public Health Law § 1100 (5) exempts its compliance with Public Health Law § 1100 (1), we have reviewed its arguments in this regard and find them to be unpersuasive.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 2007 NY Slip Op 31708(U).]