■ D & D OF DELHI, INC., Respondent, v VILLAGE OF DELHI, Appellant. [849 NYS2d 716]—

Cardona, P.J. Appeal from an order of the Supreme Court (Coccoma, J.), entered May 17, 2007 in Delaware County, which denied defendant's motion for summary judgment dismissing the complaint.

In 1978, plaintiff, an auto parts store, hired a plumber to install a four-inch lateral water line that ran from its building to the adjacent public water main so that water would be available for a planned water sprinkler system that, in fact, was never installed. Notably, the part of the line that entered the building itself was never equipped with an interior shutoff valve and it remained open and uncapped. Nevertheless, when defendant's employees connected the lateral line to the public water main, they installed a shutoff valve at the main junction that served to prevent water from entering the lateral line and running into the building.

Subsequently, in June 2004, a nearby public water main ruptured. In response, David Curley, a public works employee, arrived at the scene. The maps reviewed by Curley reportedly did not show the lateral line leading to plaintiff's building. Consequently, due to his belief that the subject valve would stop the flow of water through the main line and help isolate the water main break, he turned the valve. As a result, rather than stopping the water flow, turning the valve forced water to flow from the main line through the lateral line and into the building, causing substantial property damage.

Plaintiff commenced this action alleging that the damages were due to defendant's negligence in maintaining and repairing the water main. Supreme Court denied defendant's motion for summary judgment dismissing the complaint, prompting this appeal.

Initially, we are unpersuaded by defendant's contention that the complaint should be dismissed on the basis of governmental immunity. When a municipality acts in a proprietary as opposed to a governmental capacity, it is generally subject "to the same duty of care as private individuals and institutions engaging in the same activity" (*Schrempf v State of New York*, 66 NY2d 289, 294 [1985]; *see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md.*, 272 AD2d 818, 820 [2000]). The maintenance and repair of water mains is traditionally performed by private businesses, such as water companies and, thus, where a municipality maintains a water system to provide water to private customers, it constitutes a proprietary function (*see De Witt Props. v City of New York*, 44 NY2d 417, 423-424 [1978]; *Layer v City of Buffalo*, 274 NY 135, 139 [1937]; *Canavan v City of Mechanicville*, 229 NY 473, 476 [1920]). Accordingly, inasmuch as defendant was performing a proprietary action at the relevant time, defendant's invocation of the rule requiring a plaintiff to demonstrate a special relationship between it and a municipality in order to commence suit has no application herein (*see Schrempf v State of New York*, 66 NY2d at 294).

Turning to the merits, we conclude that Supreme Court appropriately denied defendant's motion for summary judgment. While defendant maintains that plaintiff's failure to cap the lateral line was in violation of its statutory duty to maintain the line in good repair* and the sole proximate cause of the damages, we cannot agree that the record establishes its entitlement to dismissal as a matter of law. Contrary to defendant's contention, even if it were established that plaintiff violated this provision by failing to cap the line, said finding would only be evidence of negligence and would not bar plaintiff from recovery as a matter of law but, rather, would be relevant with respect to the question of comparative fault (*see* CPLR 1411; *DiSilvestro v Samler*, 32 AD3d 987, 989 [2006]). Significantly, the record, including the deposition testimony of Curley, raises questions of fact as to whether defendant breached its duty to safely maintain and repair the water main, as well as the level of fault, if any, that can be attributed to it (*see e.g. Palmer Adv. Serv., Inc. v Grinnell Co., Inc.*, 247 App Div 765 [1936], *affd* 272 NY 487 [1936]; *see also Garrido v City of New York*, 9 AD3d 267, 268 [2004]). Thus, we find no basis to reverse.

The remaining arguments raised by defendant have been examined and found to be unpersuasive.

---

* Village Law § 11-1112 (1) states that "[s]upply pipes, connecting with mains and used by private owners or occupants, shall be laid and kept in repair at their expense."

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.