CITY OF UTICA, Appellant, v RICHARD F. DAINES, as Commissioner of Health, et al., Respondents. [862 NYS2d 173]—

Mercure, J.P. Appeal from an order of the Supreme Court (McDonough, J.), entered December 5, 2007 in Albany County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

In this declaratory judgment action, plaintiff challenges the interpretation by defendant Department of Health (hereinafter DOH) of Public Health Law § 3008 (7), which sets forth a process by which municipalities may establish ambulance services. Generally, a proposed ambulance service must obtain both a two-year operating certificate from DOH (*see* Public Health Law § 3005 [1], [3], [4], [5]) and approval from its regional emergency medical services council (hereinafter REMSCO), which determines whether there is a public need for the establishment of additional ambulance services (*see* Public Health Law § 3003 [5]; § 3005 [6]; § 3008 [1]).* Public Health Law § 3008 (7) (a) also provides that municipalities may adopt local laws, ordinances or resolutions establishing ambulance services upon meeting DOH standards regarding training and equipment and upon filing with the New York State Emergency Medical Services Council a written request for such authorization. When a written request is filed, the "municipal ambulance service shall be deemed to have satisfied any and all requirements for determination of public need for the establishment of additional emergency medical services pursuant to this article *for a period*

* Each REMSCO is comprised of 15 to 30 members, not less than one third of whom must be representatives of ambulance services (*see* Public Health Law § 3003 [2]).

*of two years following the date of such filing"* (Public Health Law § 3008 [7] [a] [emphasis added]).

Plaintiff challenges DOH's interpretation of Public Health Law § 3008 (7) (a) as permitting only a two-year deferral of the public need determination requirement and then, after the initial two years of operating an ambulance service, requiring the municipality to apply to the appropriate REMSCO for a determination of public need. Plaintiff, which enacted a resolution establishing an ambulance service and obtained an initial operating certificate from DOH in 2005, seeks a declaration that it need not submit to a determination of public need prior to the renewal of its certification and that DOH's interpretation of Public Health Law § 3008 (7) is contrary to law. Defendants moved for summary judgment dismissing the complaint, and Supreme Court granted that motion, determining that plaintiff lacked the capacity to sue. Plaintiff appeals and we now affirm.

"Capacity to sue is a threshold question involving the authority of a litigant to present a grievance for judicial review" (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d 36, 41 [2005]; *see Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155 [1994]). Municipalities are artificial creatures of statute or agents of the state and, thus, they " 'have neither an inherent nor a common-law right to sue. Rather, their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate' " (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d at 41-42, quoting *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 155-156; *accord Matter of Graziano v County of Albany*, 3 NY3d 475, 479 [2004]; *Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y.*, 282 AD2d 166, 171 [2001]). While express statutory authority to sue is not required, capacity must, at the least, "be inferr[able] as a necessary implication from the powers and responsibilities of a governmental entity, 'provided, of course, that there is no clear legislative intent negating review' " (*Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs.*, 5 NY3d at 42, quoting *Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d at 156; *see City of New York v State of New York*, 86 NY2d 286, 292-293 [1995]).

Here, plaintiff argues that its capacity to bring this declaratory judgment action may be inferred by necessary implication from its responsibilities under Public Health Law article 30, and that it should not be required to submit to opposition and the risk that its application will be denied at the administrative

level before it can raise its arguments in the courts. We note, however, that Public Health Law article 30 expressly dictates the mechanism for challenging adverse public need determinations by REMSCOs. As the parties concede, if plaintiff is aggrieved by the final determination of the REMSCO, it may appeal administratively and then challenge the state's interpretation of Public Health Law § 3008 (7) by commencing a CPLR article 78 proceeding within 60 days (see Public Health Law § 3002 [3]; see generally Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y., 282 AD2d at 171-172). Inasmuch as Public Health Law article 30 explicitly directs that a CPLR article 78 proceeding is the method by which an applicant may challenge an adverse determination, the necessary implication doctrine is not applicable to the alternative method advanced by plaintiff herein (see Matter of Town of Riverhead v New York State Bd. of Real Prop Servs., 5 NY3d at 42-43).

In light of our conclusion that plaintiff lacks capacity to maintain this declaratory judgment action, plaintiff's remaining arguments are academic.

Spain, Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.

