OPINION OF THE COURT
Dennis F. Bender, J.
The petitioner herein, the Town of Covert has filed this CPLR article 78 proceeding asking this court to require the New York State Department of Health (hereinafter the State) to issue an ambulance service certificate to the petitioner which includes as primary territory the Village of Interlaken, pursuant to Public Health Law § 3008 (7). Further, the Town seeks a declaration that a portion of the New York State Department of Health, Bureau of Emergency Medical Services’ Policy Statement 09-01 (Jan. 6, 2009, available at http://www.health.ny.gov/professionals/ems/pdf/09-0l_albany.pdf) is invalid for lack of legislative authorization, for inconsistency with applicable state statutes, and because it imposes limitations on the statutory rights of the Town in excess of the statute. The petition further seeks a declaration that this portion of such policy statement is a rule as defined by section 102 of the State Administrative Procedure Act and that the State failed to comply with section 202 of the State Administrative Procedure Act when it enacted such rule. The petition further seeks a declaration that such policy or rule violates the law and deprives petitioner of rights guaranteed by law and, as such, is void and unenforceable and that such policies are arbitrary and capricious.
New York State Department of Health’s Policy Statement 09-01, noted above, provides that
“[wjith the exception of an entire county, a municipality may only declare operating authority for the geography over which it has direct jurisdiction (e.g. an incorporated village contained within the borders of a town would not be included within the authority of an EMS agency established by the town . . .).” (Http://www.health.ny.gov/professionals/ems/pdf/0901_albany.pdf, at 2.)
Predicated upon this, the State issued an ambulance service certificate which specifically excluded the incorporated Village of Interlaken, which is completely encompassed within the Town. It is undisputed that the Town’s application sought authority to provide services within the Village as well. It is also *201 undisputed that the Village desired to be included. (Aff of Wmn. Larson, P exhibit A.)
The State first argues that the Town lacks standing in this matter. That argument is rejected. An article 78 proceeding by the Town asserting that the State exceeded its authority by implementing Policy 09-01 in the manner done here is indeed the appropriate method to seek relief, and the Town has shown an injury in fact. (City of Utica v Daines, 53 AD3d 922 [3d Dept 2008].)
Turning to the merits, this court further rejects the State’s argument that its actions in this matter were not arbitrary and capricious.
First, counsel for the State was unable to provide a compelling reason for the distinction between the county not suffering any such exemptions and the Town having to receive such exemptions. While the State did provide an affirmation from senior attorney in the Bureau of Litigation, Division of Legal Affairs, New York State Department of Health, Carrie-Ann N. Lawrence, which attempts to show towns are different from counties, the rationale behind the distinction as used in this proceeding is unpersuasive and is rejected. It is also noted that the example utilized in that affirmation regarding the coverage for the Village of Trumansburg is clearly distinguishable. Most of that village is not only located in a separate township, but in a separate county.
Secondly, the plain language of General Municipal Law § 122-b (1) provides that either a town, city, village or county can make application to provide ambulance services, and they can do so jointly or they can do so individually. General Municipal Law § 122-b (1) provides, “Any county, city, town or village, acting individually or jointly, may provide an emergency medical service, a general ambulance service . . . .” (Emphasis added.) The disjunctive “or” is significant in the statute. It is clear the legislature did not intend to require joint applications, which is exactly the State’s position in this matter. Counsel for the petitioner at oral argument noted that he asked whether, if he supplied a consent to the Town providing ambulance services in the Village of Interlaken from the village officials, that would suffice and the State stated no, that the Village would have to submit its own application for ambulance services.
The State’s position in this matter is also contrary to opinions of its own State Comptroller’s Office. The State Comptroller has noted that the Town is obligated to provide any such *202 ambulance services on a town-wide basis. (See 1988 Ops St Comp No. 88-69 [“(i)t should be noted, however, that since services contracted for by a town under section 122-b are provided and financed on a town-wide basis (1980 Opns St Comp No. 80-85, unreported), town residents who also reside in a village within the town are paying for and entitled to receive services under the town’s contract (32 Opns St Comp 1976, p 1)”].) The State’s position that both municipalities, the Town and Village, have to submit applications lacks merit. While the Village could submit an application, it is not obligated to do so. Further, if it did, it would need to receive enhanced or additional services if it was going to pay above and beyond what the Town is already providing. (1988 Ops St Comp No. 88-69.)
While the court notes it would be reasonable for the State to require notice to be given to municipal entities within the borders of a town, city or county, when the encompassing entity applies to provide services throughout its borders, when the encompassed entity does not object to the application to provide the services within its borders, there is nothing that justifies the State’s position that joint or separate applications must be submitted.
Accordingly, it is hereby adjudged that the State’s exclusion of the geographical territory of the Village of Interlaken from the ambulance service certificate issued to the Town of Covert was, under the circumstances of this case, arbitrary and capricious; and it is ordered that the New York State Department of Health shall forthwith issue the Town of Covert an amended ambulance service certificate to include the primary territory of the Village of Interlaken, pursuant to Public Health Law § 3008 (7) and General Municipal Law § 122-b (1).
The petitioner’s remaining requests for relief are denied. (City of Utica v Daines.)