OPINION OF THE COURT
Dennis M. Kehoe, J.
The petitioner Town of Macedon has commenced this CPLR article 78 proceeding which seeks an order requiring the New York State Department of Health to issue an Ambulance Service Certificate to the petitioner which includes as “primary territory” the Village of Macedón. The petitioner also seeks a judgment declaring that a portion of the New York State Department of Health, Bureau of Emergency Medical Services, Policy Statement No. 2009-01 is void and unenforceable, based upon lack of legislative authorization, inconsistency with applicable state statutes, and improper limitations on the statutory rights of a town. (See New York State Department of Health, Bureau of Emergency Medical Services, Policy Statement No. 2009-01 [Jan. 6, 2009], available at http://www.health.ny.gov/ professionals/ems/pdf/09-01_albany.pdf.) The petitioner further alleges that said “policy statement” is a “rule” as defined by section 102 of the State Administrative Procedure Act (not a “guideline”), and that the Department of Health failed to comply with proper procedures when enacting said “rule.” The petitioner also argues that Policy Statement No. 2009-01 is arbitrary and capricious on its face and as applied.
The Department of Health has filed an answer and supporting documentation by the New York State Attorney General’s Office. It seeks an order and judgment dismissing the petition in its entirety.
The Village of Macedon has been authorized to operate an ambulance service since 1962. The court notes that in 1974 article 30 of the Public Health Law was enacted (L 1974, ch 1053), which requires that new ambulance services apply for and obtain a determination of public need in order to operate an ambulance service. The resulting certificate defines the geographic area in which the ambulance service may function. However, since the Village has had authority to operate such a service prior to 1974, its operating territory — the Village and the Town — remained unchanged.
In July 2009, the Town of Macedon was issued its permanent operating Ambulance Service Certificate pursuant to Public Health Law § 3008, with the primary territory listed as “Town of Macedon.” The Certificate was renewed by the Department *732 of Health in July 2011. The Certificate included the entire Town of Macedon, with no exclusion of the Village. However, on or about August 14, 2012, the Department of Health advised the Town that the Certificate had been modified by changing the “primary territory” to read “Town of Macedon — Excluding Village of Macedon.” The Town indicated that this “correction” was made by the Department pursuant to its Policy Statement No. 2009-01.
The “Additional Information” section contained in Policy Statement No. 2009-01 provides as follows: “With the exception of an entire county, a municipality may only declare operating authority for the geography over which it has direct jurisdiction (e.g. an incorporated village contained within the borders of a town would not be included within the authority of an EMS agency established by the town).” (Policy Statement No. 2009-01 at 2.) A fair construction of this language, as applied, implies that the Village of Macedon would not be included within the authority of the Town’s EMS Agency.
On March 16, 2013, the Town approved a new resolution, specifically requesting an Ambulance Service Certificate which included the entire corporate limits of the Village. The request was denied by the Department of Health on June 6, 2013, which issued a new Ambulance Service Certificate effective June 6, 2013 through July 31, 2015 to the Town. The Village was not included in the new Certificate. The Department’s decision to exclude the Village has now been challenged by the Town in this proceeding.
Counsel for both parties requested that the court make its determination based upon the papers as submitted without oral argument. The court has reviewed the pleadings, together with all supporting papers, and it has reviewed both the case law submitted and the applicable statutory provisions. Based upon this review, the court makes the following findings of fact and conclusions:
Findings
1. Initially, the court recognizes that Matter of Town of Covert v New York State Dept. of Health (39 Misc 3d 199 [Sup Ct, Seneca County 2013]) which dealt with a similar issue does not constitute binding precedent in this matter. That assertion was included in the respondent’s answer as an objection in point of law; while accurate, it does not warrant the dismissal of this proceeding.
*733 2. The second objection in point of law states that Policy Statement No. 2009-01 is not a “rule” as defined under State Administrative Procedure Act § 102 and therefore the procedures for the enactment of a rule under State Administrative Procedure Act § 202 are not applicable. This objection will be discussed below.
3. Public Health Law § 3008 requires every ambulance service to obtain approval from the Department of Health in order to operate in any given territory. Section 3008 (7) provides in part:
“(a) Notwithstanding any other provision of law and subject to the provisions of this article, any municipality within this state ... is hereby authorized and empowered to adopt and amend local laws, ordinances or resolutions to establish and operate . . . municipal ambulance services within the municipality, upon meeting or exceeding all standards set by the department for appropriate training, staffing and equipment, and upon filing with the New York state emergency medical services council, a written request for such authorization. Upon such filing, such . . . municipal ambulance service shall be deemed to have satisfied any and all requirements for determination of public need for the establishment of additional emergency medical services pursuant to this article for a period of two years following the date of such filing” (emphasis added).
Therefore, upon the filing of a written request for authorization to operate a municipal ambulance service, such service shall be “deemed to have satisfied any and all requirements for determination of public need.’’ (Public Health Law § 3008 [7] [a] [emphasis added].)
4. General Municipal Law § 122-b provides authorization for a municipality to engage in the operation of ambulance services on a town wide basis. Section 122-b (1) provides as follows:
“Any county, city, town or village, acting individually or jointly, may provide an emergency medical service, a general ambulance service or a combination of such services for the purpose of providing prehospital emergency medical treatment or transporting sick or injured persons found within the boundaries of the municipality or the municipalities acting jointly to a hospital, clinic, sanatorium or other place for treatment of such illness or injury
*734 General Municipal Law § 122-b allows a town to contract for and/or provide ambulance services for the entire portion of the town, even if the town includes a village within its geographical borders. This provision is not in conflict with Public Health Law § 3008. Opinions from both the Comptroller’s Office and the Attorney General indicate that these sections must be read together, and that no issues arise when they are construed in conjunction with each other.
5. Therefore, the dispute in this proceeding does not arise from any conflict between statutory provisions, but from the interpretation of Policy Statement No. 2009-01 as promulgated by the New York State Department of Health, Bureau of Emergency Medical Services. The record reveals that this “policy statement” was relied on by the Department of Health as a basis for its refusal in 2013 to grant the Town’s request for an Ambulance Service Certificate for the entire Town of Macedon, including the area within the corporate limits of the Village of Macedon.
6. The Town urges this court to find that Policy Statement No. 2009-01 is void for two reasons. The first is that the statement is alleged to be legally inconsistent with the above statutes and that it violates the provisions of Public Health Law § 3008 (7) as an impermissible grant of legislative authority by the executive branch. The second reason is that the Town maintains that the policy statement is a “rule” as defined by State Administrative Procedure Act § 102, and as such, is void for failure of the Department to comply with the procedures set forth in State Administrative Procedure Act § 202.
7. While this court acknowledges the inherent problems raised by the language of this “guideline,” the court has determined that it need not reach the issue as to whether the statement is void substantively or procedurally. Rather, the court finds that this proceeding may be resolved by a determination as to whether the guideline is arbitrary and capricious as it was applied in the circumstances presented herein.
8. Since 2008, the Village of Macedon has expressed its disapproval of the operation of an ambulance service by the Town of Macedon within the village limits. In an affidavit submitted by Lisa S. Burns, Director of the Bureau of Emergency Medical Services at the New York State Department of Health, the Director states in paragraph 6 that “at the Village’s request, the Department removed the Village from the Town’s ambulance *735 operating territory” (emphasis added). In the concluding paragraph of the same affidavit, the Director states that “because the Village opposes the Town’s operation of its ambulance service in the Village and requested an exclusion, the Department added the subject exclusion on the Town’s operating certificate.”
9. Nowhere in any of the applicable statutory provisions does this court find any authority for an executive agency to delegate decision-making powers to a local municipality. In the Covert case, the Village of Interlaken expressed its consent to its inclusion in the territory to be provided ambulance services by the Town of Covert. This court finds that the situation in Covert is a far cry from the circumstances as presented in this proceeding. Here, the effect of the Department’s decision in excluding the Village of Macedón from the Certificate granted to the Town of Macedón represents an impermissible limitation of the Town’s statutory authority, based upon an executive decision to allow the Village’s desires to control in this matter.
The court has no desire to appear dismissive of the extensive discussion by the Attorney General of relevant decisional law, statutory authority and administrative opinions. However, it is the court’s determination that, based upon the circumstances presented by this case, the court need not address any remaining arguments relating to the statutory scheme or to the substantive validity of Policy Statement No. 2009-01.
Conclusions
1. This court determines that the application of the relevant portion of Policy Statement 2009-01 by the respondent to the circumstances of this matter was arbitrary and capricious.
2. This court determines that the New York State Department of Health is directed to issue an amended Ambulance Service Certificate to petitioner Town of Macedon which includes as its area of operation all of the town limits, including all of that portion of the Town of Macedon which lies within in the Village of Macedon.