(21 App. Div. 165.)

MERRITT v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 12, 1897.)

IMPROVEMENT OF WATER SUPPLY—RIGHT OF ACTION.
    Laws 1893, c. 661, § 72, provides that when the state board of health shall order, for the protection of a water supply from contamination, sewerage in any village, the corporation owning the works benefited thereby shall construct the same, and pay damages caused by removal of buildings, or injuries to any private enterprise. *Held*, that a person whose buildings have been removed by a city for the purpose of protecting its water system, without an order from the state board of health, has no right of action under such statute.

Appeal from special term.

Action by John L. Merritt against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

Charles Haines, for appellant.
H. T. Dykman, for respondents.

GOODRICH, P. J.   The complaint alleges that on or about the month of May, 1893, the commissioners of public works of the city of New York, under chapter 543 of the Laws of 1885, and the acts

amendatory thereof, ordered the barn on premises of the plaintiff, at Lewisboro, Westchester county, to be vacated, and prohibited its use, and that great damage was thereby occasioned to the plaintiff's dairy business by the defendants' enforcement of the rules and regulations of the state board of health in regard to potable waters of the city of New York, derived from the Croton Watershed. At the trial, counsel for the defendants moved for judgment on the pleadings, "on the ground that neither the act under which the action was commenced, nor any of the acts amendatory thereof and supplemental thereto, authorized [the defendants] to enter the premises of the plaintiff, as set forth in the complaint." And, it being admitted "that the state board of health of the state of New York had not ordered the construction of any sewerage system affecting the lands of the plaintiff for the benefit of the potable water supply of the defendant," the complaint was dismissed. As the complaint alleges that the order complained of was in or about the month of May, 1893, the alleged action of the commissioners occurred during any part of that month; and we need to examine only so much of the act in question as was in force by the amendatory act, which became a law on May 9, 1893.

Section 72 of this act (chapter 661 of the Laws of 1893) reads, in part, as follows:

"When the state board of health shall, for the protection of a water supply from contamination, make orders or regulations the execution of which will require or make necessary the construction and maintenance of any system of sewerage, or a change thereof, in or for any village or hamlet, * * * the municipality or corporation owning the waterworks benefited thereby shall, at its own expense, construct and maintain such system of sewerage. * * * When the execution of any such regulations of the state board of health will occasion or require the removal of any buildings, the municipality or corporation benefited thereby shall, at its own expense, remove such buildings and pay to the owner thereof all damages occasioned by such removal. When the execution of any such regulation will injuriously affect any manufacturing or industrial enterprise which is not a public nuisance, such municipality or corporation shall pay all damages occasioned by the enforcement thereof. * * * The owner of any building the removal of which is occasioned or required, or which has been removed by any rule or regulation of the state board of health made under the provisions of this article, and all persons whose rights of property are injuriously affected by the enforcement of any such rule or regulation, shall have a cause of action against the municipality or corporation owning the waterworks benefited by the enforcement of such rule or regulation, for all damages occasioned or sustained."

The sole question on this appeal is whether the plaintiff has a right of action under the above statute, having admitted "that the state board of health of the state of New York had not ordered the construction of any sewerage system affecting the lands of the plaintiff, for the benefit of the potable water supply of the defendant"; and the answer must be in the negative. An examination of the act shows very clearly that an action for injury to property can be had thereunder only when the damage ·is the result of, or happens in connection with, the execution "of any such regulations of the state board of health."

The plaintiff's admission was fatal, and the judgment should be affirmed. All concur.