■ NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Respondent, v T.C. FOODS IMPORT AND EXPORT CO., INC., et al., Defendants, and MARATHON OUTDOOR, LLC, et al., Appellants. (And a Third-Party Action.) [797 NYS2d 549]—

In an action, inter alia, for a judgment declaring that the defendant T.C. Foods Import and Export Co., Inc., is bound by certain restrictive covenants, the defendants Marathon Outdoor, LLC, PNE Media, LLC, Titan Outdoor Holdings, LLC, and Outdoor Concepts, LLC, doing business as Titan Outdoor appeal from (1) a decision of the Supreme Court, Queens County (Weiss, J.), dated June 21, 2004, and (2) an interlocutory judgment of the same court dated July 6, 2004, which, upon the decision, and after a nonjury trial, inter alia, declared that the defendant T.C. Foods Import and Export Co., Inc., is bound by the subject restrictive covenants and, in effect, dismissed the counterclaims of the defendants Marathon Outdoor, LLC, PNE Media, LLC, and Titan Outdoor, LLC, for a judgment declaring that the subject restrictive covenants are unenforceable pursuant to RPAPL 1951.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeals by the defendants Outdoor Concepts, LLC, doing business as Titan Outdoor, and Titan Outdoor Holdings, LLC, from so much of the interlocutory judgment as dismissed the counterclaims of the defendants Marathon Out-

door, LLC, PNE Media, LLC, and Titan Outdoor, LLC, are dismissed, as they are not aggrieved by that portion of the interlocutory judgment (*see* CPLR 5511); and it is further,

Ordered that the interlocutory judgment is affirmed insofar as appealed from by Marathon Outdoor, LLC, and PNE Media, LLC; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Pursuant to RPAPL 1951 (1), a restrictive covenant shall not be enforced if, at the time enforceability of the restriction is brought into question, it appears that "the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason." The party claiming that a restriction is unenforceable bears the burden of proving it (*cf. Chambers v Old Stone Hill Rd. Assoc.,* 1 NY3d 424, 433-434 [2004]; *Cody v Fabiano & Sons,* 246 AD2d 726 [1998]; *Deak v Heathcote Assn.,* 191 AD2d 671 [1993]). Under the circumstances of this case, the appellants failed to meet their burden and the Supreme Court properly determined, inter alia, that the restrictive covenants in question are enforceable.

We note that although a brief was filed on behalf of the defendant Titan Outdoor, LLC, no notice of appeal was filed on its behalf. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.