■ In the Matter of BERKSHIRE FARM CENTER AND SERVICES FOR YOUTH, Appellant, v CRAIG SURPRISE, as Assessor of the Town of Canaan, Respondent. [803 NYS2d 731]—

Kane, J. Appeal from a judgment of the Supreme Court (Con-

nor, J.), entered August 6, 2004 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to grant petitioner an exemption from all taxes, assessments and ad valorem levies.

Petitioner is a charitable corporation which owns three parcels of land in the Town of Canaan, Columbia County. Those parcels are used exclusively for carrying out petitioner's corporate purposes. In 2003, respondent finalized the tax assessment roll for real property located in the town, by which it classified petitioner's real property as exempt from regular taxes but subject to special assessments or ad valorem levies for fire prevention from the Town of Canaan Fire District and ambulance protection from the Lebanon Valley Protective Association. This determination was made on the basis of Social Services Law § 472-p, which states that petitioner's real and personal property is "exempt from taxation," but does not specifically exempt petitioner from ad valorem levies or special assessments. After respondent denied petitioner's request to exempt it from the levies, petitioner commenced this proceeding seeking to compel respondent to grant it an exemption from all taxes, assessments and ad valorem levies. Supreme Court determined that petitioner's tax-exempt status is controlled solely by Social Services Law § 472-p, requiring the court to uphold respondent's imposition of ad valorem levies, and it dismissed the petition. On petitioner's appeal, we reverse.

Petitioner was created by special legislation in 1886 (hereinafter the 1886 enabling legislation) (see L 1886, ch 332, now codified as Social Services Law § 472-e et seq.), which granted it an exemption from taxation. Petitioner does not dispute that the language of that exemption, now found in Social Services Law § 472-p, would not exempt it from the ad valorem levies at issue here. Petitioner contends, however, that the tax provision of the 1886 enabling legislation was impliedly repealed by the Tax Law of 1896 (see L 1896, ch 908, now codified as RPTL 420-a), a more general statute granting broad tax-exempt status to all charitable organizations. Under that statute, real property owned by a corporation organized exclusively for charitable purposes and used exclusively for carrying out such purposes "shall be exempt from taxation" and "shall also be exempt from special ad valorem levies and special assessments" (RPTL 420-a [1] [a]; [8]). Respondent does not dispute that if the Tax Law of 1896 applies, then petitioner is entitled to the exemption it seeks.

Prior to 1896, the Legislature granted tax-exempt status to charitable corporations through special legislation on a case-by-

case basis. Based on the report of a statutory revision commission that made recommendations to simplify and organize the laws related to property taxes and exemptions, the Legislature enacted the Tax Law of 1896 to consolidate all special tax statutes into one comprehensive code and eliminate the need for specialized tax statutes (*see Pratt Inst. v City of New York*, 183 NY 151, 154-157 [1905]; *Matter of Huntington*, 168 NY 399, 406-408 [1901]). The statute "has been declared to be 'a codifying act, designed to reduce all statutes relating to taxation into a complete and harmonious system,' and 'to exhaust the subject to which it relates' " (*Peterson v Martino*, 210 NY 412, 416-417 [1914], quoting *Pratt Inst. v City of New York, supra* at 157). On that basis, the Court of Appeals decided that "the legislature has repealed, by implication, in the enactment of the General Tax Law of 1896, all prior exemptions from taxation, contained in general statutes, or in special acts" (*People ex rel. Roosevelt Hosp. v Raymond*, 194 NY 189, 197 [1909]), "even though the laws thus displaced were not enumerated" (*Peterson v Martino, supra* at 417). Thus, the Tax Law of 1896 impliedly repealed the tax exemption in the 1886 enabling legislation.

Contrary to respondent's argument, the later codification of the tax exemption in the 1886 enabling legislation did not revive the language repealed by the Tax Law of 1896. The 1886 enabling legislation was codified as former State Charities Law § 371 (*see* L 1909, ch 57), which became Social Welfare Law § 472-e *et seq.* (*see* L 1940, ch 619), which is now Social Services Law § 472-e *et seq.* (*see* 1967, ch 728). However, RPTL 420-a, a codification of the Tax Law of 1896, was enacted after the first two of those three codifications (*see* L 1958, ch 959). The final recodification merely reflected a change in the name from Social Welfare Law to Social Services Law. In fact, the Legislature instructed that after that name change, statutes that were substantially the same as those under the previous name should be construed "as a continuation of such laws, . . . and not as new enactments" (Social Services Law § 485 [1]). Thus, the general rules of statutory construction (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 376) do not require a different result. Because the special tax exemption applicable only to petitioner under Social Services Law § 472-p was repealed, and petitioner is instead entitled to tax-exempt status under RPTL 420-a, petitioner is entitled to the relief sought in its petition.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted.