■ DEAN RYDER et al., Appellants, v CITY OF NEW YORK, Respondent. [821 NYS2d 227]—

In a consolidated action to recover damages for injury to property rights, the plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 24, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action to recover damages pursuant to Public Health Law § 1105.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages from the defendant, City of New York, following the City's denial of their applications for permits and variances to build a single-family home with a subsurface sewage treatment system on each of two lakefront lots they own in Putnam County, within the City's upstate watershed. The Supreme Court, inter alia, granted that branch of the City's motion which was for summary judgment dismissing the first cause of action to recover damages pursuant to Public Health Law § 1105. The plaintiffs appeal from that portion of the Supreme Court's order.

The court's function in interpreting a statute is to "attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Matter of Elgut v County of Suffolk,* 1 AD3d 512, 513 [2003] [internal quotation marks omitted]; *see Matter of 1605 Book Ctr. v Tax Appeals Trib. of State of N.Y.,* 83 NY2d 240, 244 [1994], *cert denied* 513 US 811 [1994]). When several provisions of a statute are drafted in such a way that literal interpretation could result in a "skewed and inartful interlock," the court will "approach the statute's provisions sequentially and give the statute a sensible and practical over-all construction, which is consistent with and furthers its scheme and purpose and which harmonizes all its interlocking provisions" (*Matter of Long v Adirondack Park Agency,* 76 NY2d 416, 420 [1990]). Further, "we must interpret a statute so as to avoid an unreasonable or absurd application of the law" (*People v Santi,* 3 NY3d 234, 244 [2004] [internal quotation marks omitted]).

Public Health Law § 1105 provides, in part, that "all persons whose rights of property are injuriously affected by the enforcement of any such rule or regulation" have a private right of action against the entity that enforces the rule or regulation. In accordance with ordinary rules of statutory construction, the phrase "such rule or regulation" refers to the immediately antecedent phrase (*see Dalton v Pataki,* 11 AD3d 62, 74-75 [2004], *mod on other grounds* 5 NY3d 243 [2005], *cert denied sub nom. Karr v Pataki,* 546 US — , 126 S Ct 739 [2005], *cert denied* 546 US —, 126 S Ct 742 [2005]; McKinney's Cons Laws of NY, Book 1, Statutes § 254, at 418). The phrase could be understood as providing a broad right of action against the City whenever property rights are injured by its enforcement of a rule or regulation adopted pursuant to Public Health Law article 11. It could equally well be understood as referring to the entire preceding clause, which provides a right of action to owners of buildings required to be removed as the result of enforcement of regulations adopted pursuant to article 11.

Section 1105 must be construed in the context of article 11 as a whole and in relation to section 1104, which it follows sequentially. Article 11 relates to protection of public water supplies and control of sewage. It includes provisions authorizing the City, subject to state approval, to adopt regulations for the protection of the quality of its water supply and to enforce compliance with those regulations (*see* Public Health Law § 1100 [1]; § 1102 [3]; *City of New York v Mancini-Ciolo, Inc.,* 188 AD2d 633, 634-635 [1992]; L 1911, ch 695, *amdg* Public Health Law of 1909 § 70). There is no indication that the Legislature intended the City's right to enforce its duly-adopted regulations to be conditioned upon an obligation to pay damages to any property owner whose rights may be adversely affected by such enforcement.

To the contrary, the legislative history of section 1105 and its context within Public Health Law article 11 lead us to conclude that the provision is limited in scope. Historically, the private right of action provided under the predecessor to sections 1104 and 1105 was available only when private property rights were adversely affected by the enforcement of a regulation requiring "construction and maintenance of any system of sewerage" (*Merritt v Mayor,* 21 App Div 165 [1897], *appeal dismissed* 166 NY 591, 591-592 [1901]). When the Public Health Law was recodified in 1953, the single provision relating to construction of systems for "sewage removal and purification" was split into two provisions designated as sections 1104 and 1105, and the Legislature directed that the new provisions of the Public Health Law were to "be construed as a continuation of the provisions of the former public health law and not as new enactments" (L 1953, ch 879, § 5001 [5]). Thus, there is no basis for concluding that the Legislature intended to vastly broaden the scope of the private right of action provided under the Public Health Law when it recodified the former law and split the predecessor provision into sections 1104 and 1105 (*see Matter of Berkshire Farm Ctr. & Servs. for Youth v Surprise,* 23 AD3d 750 [2005]). Further, the related headings adopted for sections 1104 and 1105, which may be consulted to clarify the meaning of an imprecise or dubious provision (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 123 [b], at 248-250; *People v Realmato,* 294 NY 45, 49-50 [1945]), support the conclusion that section 1105, concerning regulations requiring removal of buildings, is related in scope and subject matter to section 1104. Section 1104 concerns the rights of owners of property condemned as the result of enforcement of regulations requiring construction and maintenance of sewage treatment systems.

Accordingly, section 1105 provides a limited private remedy

for owners of buildings required to be removed as the result of enforcement of regulations adopted pursuant to Public Health Law article 11 in relation to the construction and maintenance of sewage treatment systems, and for all persons whose property rights are affected by such removal of buildings. Thus, the Supreme Court properly determined that the plaintiffs have no cause of action to recover damages pursuant to Public Health Law § 1105. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.