PUTNAM COUNTY NATIONAL BANK, Appellant, v CITY OF NEW YORK, Respondent. [829 NYS2d 661]—

In an action to recover damages for injury to property based on the unconstitutional taking of real property, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated September 22, 2005, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiff, Putnam County National Bank (hereinafter the Bank), acquired title to an undeveloped parcel of real property in the Town of Carmel in Putnam County at a foreclosure sale on or about April 6, 1995. The Town of Carmel and the Putnam County Board of Health approved a plan for the subdivision of the parcel into 36 lots, and the State of New York issued a water pollution discharge permit allowing the operation of a central sewage system for the subdivision. However, the New York City Department of Environmental Protection (hereinafter the DEP), acting pursuant to Public Health Law § 1100 (1), adopted comprehensive regulations, known as the Watershed Regulations, effective April 1997 (10 NYCRR part 128; Rules of City of NY Dept of Environmental Protection [15 RCNY] § 18-82). The DEP determined that the central sewer system could not be constructed under the Watershed Regulations. The State-issued water pollution discharge permit allowing operation of the central sewage system was thereafter revoked.

The Bank applied for and obtained approval of an alternate proposal, under which the parcel would be developed as a 17-lot subdivision using subsurface septic systems. On April 21, 2003, the Bank sold the property for more than $1.4 million, which it alleges is about 20% of the value it would have realized had the parcel been approved for development as a 36-lot subdivision with a central sewer system. The Bank commenced this action to recover damages under Public Health Law § 1105, alleging that the enforcement of the Watershed Regulations effected an unconstitutional taking of its property without just compensation. The Supreme Court dismissed the complaint in its entirety and we affirm.

The private right of action provided by Public Health Law § 1105 applies only when a landowner alleges that a building was required to be removed as the result of a municipality's enforcement of regulations adopted in relation to the construction and maintenance of sewage treatment systems, or that its property rights were affected by such removal of buildings (see Ryder v City of New York, 32 AD3d 836 [2006]). Since the Bank does not allege that enforcement of the Watershed Regulations required removal of a building as a result of the construction of a sewage treatment system, the Supreme Court properly granted the City of New York's motion to dismiss the first cause of action.

Nor do the allegations in the complaint set forth a cognizable cause of action for a regulatory taking, as alleged in the second cause of action. Accepting the Bank's allegations as true, and according them the benefit of every possible favorable inference,

as we must when considering a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the Bank failed to set forth a cognizable takings cause of action. A reasonable land use restriction imposed by the government in the exercise of its police power characteristically diminishes the value of private property, but is not rendered unconstitutional merely because it causes the property's value to be "substantially reduced" (*de St. Aubin v Flacke*, 68 NY2d 66, 77 [1986]), or because it " 'deprives the property of its most beneficial use' " (*Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d 603, 618 [1997], *cert denied* 522 US 813 [1997], quoting *Goldblatt v Hempstead*, 369 US 590, 592 [1962]; *cf. Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617 [2004]). Instead, the constitutionality of the regulation is determined under a balancing test which involves an examination of various factors including the "economic impact of the regulation, the extent to which the regulation has interfered with reasonable investment-backed expectations, and the character of the governmental action" (*Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d at 617; *see Lucas v South Carolina Coastal Council*, 505 US 1003, 1019-1020 [1992]; *Penn Central Transp. Co. v New York City*, 438 US 104, 123-124 [1978]; *Matter of Friedenburg v New York State Dept. of Envtl. Conservation*, 3 AD3d 86 [2003]). The property owner bears a heavy burden of demonstrating by " 'dollars and cents' evidence" that under no permissible use would the parcel as a whole be capable of producing a reasonable return upon enforcement of the challenged regulation (*de St. Aubin v Flacke, supra* at 77; *see Briarcliff Assoc. v Town of Cortlandt*, 272 AD2d 488, 491 [2000]; *see also Ruckelshaus v Monsanto Co.*, 467 US 986, 1005 [1984]; *Matter of Gazza v New York State Dept. of Envtl. Conservation*, 89 NY2d at 618; *Spears v Berle*, 48 NY2d 254, 263 [1979]). In this case, given the Bank's allegations that the subject property was approved for residential development after enactment of the Watershed Regulations, and absent any contention that the Bank did not realize a "reasonable return" upon its sale of the property for $1.4 million, the Supreme Court properly granted the City's motion to dismiss the regulatory takings cause of action for failure to state a cause of action because the alleged economic impact on the Bank was insufficient as a matter of law to outweigh the substantial public interest in the City's enforcement of the Watershed Regulations. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.