■ BARBARA BIRT, Respondent-Appellant, v DAVID R. RATKA, JR., et al., Appellants-Respondents. [886 NYS2d 293]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Joseph Gerace, J.H.O.), entered May 21, 2008. The judgment, inter alia, extinguished the restrictive covenant contained in the deed to defendants' property on the condition that defendants modify their deed.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking, inter alia, to enforce a restrictive covenant contained in the deed to defendants' property prohibiting defendants from subdividing property in the Town of Chautauqua (Town) that included a right-of-way over plaintiff's adjacent property. In their answer, defendants asserted a counterclaim seeking to extinguish the restrictive covenant. With the permission of the Town, defendants subdivided their property into two lots and granted only one of the lots a right-of-way over plaintiff's property. On a prior appeal, we affirmed an order denying plaintiff's motion for summary judgment on the complaint and for summary judgment dismissing the affirmative defenses and counterclaim (*Birt v Ratka*, 39 AD3d 1238 [2007]), and the matter proceeded to trial. Defendants appeal and plaintiff cross-appeals from a judgment that,

inter alia, extinguished the restrictive covenant on the condition that defendants modify their deed by restricting use of the right-of-way to defendants and their family members actually residing in the main dwelling.

We agree with defendants that Supreme Court erred in concluding that the restrictive covenant prohibiting subdivision is of actual and substantial benefit to plaintiff. "Pursuant to RPAPL 1951 (1), a restrictive covenant shall not be enforced if, at the time enforceability of the restriction is brought into question, it appears that 'the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason.' The party claiming that a restriction is unenforceable bears the burden of proving it" (*New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc.*, 19 AD3d 568, 569 [2005]; *see Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 433-434 [2004]; *Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 266 [1981]).

Although plaintiff alleged that the right-of-way was overburdened, defendants established that such allegation was unrelated to the restrictive covenant because there were four dwellings on the property at the time that the restrictive covenant was created and only a single dwelling currently exists on the parcel of property with the right-of-way. Inasmuch as the restrictive covenant cannot be said to prevent defendants from overburdening of the right-of-way, we conclude that the restrictive covenant does not convey an actual or substantial benefit to plaintiff and therefore must be extinguished (*see generally Board of Educ., E. Irondequoit Cent. School Dist. v Doe*, 88 AD2d 108, 115 [1982]).

We therefore reverse the judgment and remit the matter to Supreme Court to grant judgment in favor of defendants on their counterclaim adjudging that the restrictive covenant is not enforceable by injunction and is extinguished (*see* RPAPL 1951 [2]). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.