[986 NE2d 898, 964 NYS2d 64]

SUNRISE CHECK CASHING AND PAYROLL SERVICES, INC., et al.,
Respondents, v TOWN OF HEMPSTEAD, Appellant.

Argued January 7, 2013; decided February 14, 2013

## POINTS OF COUNSEL

*Berkman Henoch Peterson Peddy & Fenchel, P.C.*, Garden City (*Peter Sullivan, Todd Steckler, Robert Carruba* and *Daniel Evers* of counsel), for appellant. The Appellate Division improperly declared the subject Town Zoning Ordinance invalid as preempted by a conflict with the state Banking Law with respect to the licensing of check-cashing establishments. (*Monroe-Livingston Sanitary Landfill v Town of Caledonia*, 51 NY2d 679; *People v New York Trap Rock Corp.*, 57 NY2d 371; *DJL Rest. Corp. v City of New York*, 96 NY2d 91; *Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500; *American Broadcasting Cos. v Siebert*, 110 Misc 2d 744; *Matter of Union Indem. Ins. Co. of N.Y.*, 89 NY2d 94; *Matter of Myer*, 184 NY 54; *Commissioners of State Ins. Fund v Low*, 3 NY2d 590; *Matter of Shea*, 309 NY 605.)

*Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP*, Uniondale (*Jeffrey G. Stark* and *Richard A. Blumberg* of counsel), for respondents. I. The Appellate Division properly held that section 302 (K) of article XXXI of the Building Zone Ordinance of the Town of Hempstead is unenforceable by reason of conflict preemption. (*DJL Rest. Corp. v City of New York*, 96 NY2d 91; *Consolidated Edison Co. of N.Y. v Town of Red Hook*, 60 NY2d 99; *Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500; *Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91; *Vatore v Commissioner of Consumer Affairs of City of N.Y.*, 83 NY2d 645; *Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166; *Oneida Sav. Bank of Oneida v Tese*, 108 AD2d 1042; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 62 NY2d 539; *Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451; *Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills*, 4 NY3d 51.) II. Section 302 (K) of article XXXI of the Building Zone Ordinance of the Town of Hempstead is unenforceable by reason of field preemption. (*Vatore v Commissioner of Consumer Affairs of City of N.Y.*, 83 NY2d 645; *DJL*

*Rest. Corp. v City of New York*, 96 NY2d 91; *People v De Jesus*, 54 NY2d 465; *Robin v Incorporated Vil. of Hempstead*, 30 NY2d 347; *Albany Area Bldrs. Assn. v Town of Guilderland*, 74 NY2d 372; *Mayor of City of N.Y. v Council of City of N.Y.*, 4 Misc 3d 151; *Matter of Tze Chun Liao v New York State Banking Dept.*, 74 NY2d 505.) III. Section 302 (K) of article XXXI of the Building Zone Ordinance of the Town of Hempstead is an invalid exercise of the zoning power. (*Suffolk Interreligious Coalition on Hous. v Town of Brookhaven*, 176 AD2d 936; *Louhal Props. v Strada*, 191 Misc 2d 746, 307 AD2d 1029; *Matter of Augenblick v Town of Cortlandt*, 66 NY2d 775; *De Sena v Gulde*, 24 AD2d 165; *Matter of Old Country Burgers Co. v Town Bd. of Town of Oyster Bay*, 160 AD2d 805; *Amerada Hess Corp. v Town of Oyster Bay*, 36 AD3d 729; *Spilka v Town of Inlet*, 8 AD3d 812; *McMinn v Town of Oyster Bay*, 66 NY2d 544; *Burger King Corp. v Village of Larchmont*, 89 Misc 2d 901, 52 AD2d 898, 41 NY2d 1097.) IV. Section 302 (K) of article XXXI of the Building Zone Ordinance of the Town of Hempstead denies respondents the equal protection of the laws. (*Cleburne v Cleburne Living Center, Inc.*, 473 US 432; *Continental Bldg. Co. v Town of N. Salem*, 211 AD2d 88.)

*Eric T. Schneiderman, Attorney General*, New York City (*Matthew W. Grieco, Barbara D. Underwood* and *Richard Dearing* of counsel), for Superintendent of Financial Services, amicus curiae. I. New York State Department of Financial Services's issuance of licenses to plaintiffs does not preempt the Town's Zoning Ordinance. (*Stringfellow's of N.Y. v City of New York*, 91 NY2d 382; *Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500; *Matter of Tze Chun Liao v New York State Banking Dept.*, 74 NY2d 505; *Consolidated Edison Co. of N.Y. v Town of Red Hook*, 60 NY2d 99.) II. New York State Department of Financial Services takes no position as to whether the ordinance is a legitimate exercise of the Town's zoning power. (*American Broadcasting Cos. v Siebert*, 110 Misc 2d 744; *Group House of Port Washington v Board of Zoning & Appeals of Town of N. Hempstead*, 45 NY2d 266.)

### OPINION OF THE COURT

SMITH, J.

We hold that a zoning measure that prohibits check-cashing establishments in a town's business district is invalid, because it violates the principle that zoning is concerned with the use of land, not with the identity of the user.

The provision in question is section 302 (K) of article XXXI of

the Building Zone Ordinance of the Town of Hempstead, adopted January 10, 2006. It says in pertinent part: "In any use district except Y Industrial and LM Light Manufacturing Districts, check-cashing establishments are hereby expressly prohibited" (§ 302 [K] [1]).

The only document explaining the purpose of this enactment is a memorandum from a deputy town attorney dated December 13, 2005, the date of a public hearing held on the proposal that became section 302 (K). The subject of the memorandum is *"Public Policy behind Check Cashing Ordinance."* The memorandum says that the measure "represents sound public policy" because:

> "Essentially, it serves the interest of encouraging young people and those of lower incomes to establish savings and checking accounts, do their banking at sound and reputable banking institutions, and develop credit ratings. It also eliminates predatory and exploitative finance enterprises from commercial areas, which is beneficial because these enterprises tend to keep a neighborhood down."

The memorandum consists of several pages criticizing check-cashing establishments on social policy grounds. It says that such establishments make it convenient for young and lower income people "to remain in the cash-only economy" and adds: "This is bad for society as a whole." The memorandum refers to studies finding that "check-cashing establishments actually exploit the poor and African Americans." It concludes that the proposal under consideration "encourages young and lower income people to open up bank accounts, save their money, and develop a credit rating" and "also removes a seedy type of operation, akin to pawnshops and strip clubs, from the commercial areas of the Town." Section 302 (K) was adopted by the Town Board some four weeks after the memorandum was issued.

Several check-cashing establishments brought the present action, seeking a declaratory judgment that section 302 (K) is invalid, and an injunction against its enforcement. Supreme Court granted summary judgment dismissing the complaint. The Appellate Division reversed, holding section 302 (K) to be preempted by article IX-A of the Banking Law and related regulations, which govern the licensing of check-cashers (*Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 91 AD3d 126 [2d Dept 2011]); the Town appeals to us as of

right, pursuant to CPLR 5601 (b) (1). We affirm without reaching the preemption issue, because the challenged provision is not a proper exercise of the zoning power.

A town's power to adopt zoning regulations derives from Town Law § 261, which authorizes town boards

> "to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes" (*see also* Town Law § 263 [listing the purposes of zoning]).

Our cases make clear that the zoning power is not a general police power, but a power to regulate land use: "[I]t is a fundamental principle of zoning that a zoning board is charged with the regulation of land use and not with the person who owns or occupies it" (*Matter of Dexter v Town Bd. of Town of Gates*, 36 NY2d 102, 105 [1975] [citations omitted]; *see also Matter of St. Onge v Donovan*, 71 NY2d 507, 515, 517 [1988]).

The provision at issue here contradicts this principle. It is clear from the memorandum of the deputy town attorney that section 302 (K) was directed at the perceived social evil of check-cashing services, which were thought to exploit the younger and lower income people who are their main customers. Whatever the merits of this view as a policy matter, it cannot be implemented through zoning. Section 302 (K) is obviously concerned not with the use of the land but with the business done by those who occupy it. It is true that there are cases in which the nature of the business is relevant to zoning because of the businesses' "negative secondary effects" on the surrounding community; this is true of so-called "adult entertainment" uses (*see Stringfellow's of N.Y. v City of New York*, 91 NY2d 382, 395-396 [1998]), but, despite the reference to "pawnshops and strip clubs" in the deputy town attorney's memorandum, the Town has not tried to show and does not argue that check-cashing services are in a similar category.

Indeed, the Town makes no attempt to defend the purposes advanced in the memorandum as legitimate objects of the zoning power. Instead, the Town tries to save section 302 (K) by attributing to it a different purpose: protecting the health and safety of the community against the dangers created by armed

robbery. The Town quotes the observation of the court in *American Broadcasting Cos. v Siebert* (110 Misc 2d 744, 746, 747 [Sup Ct, NY County 1981]) (a case arising under the Freedom of Information Law) that check-cashing facilities "are and have been over the years, the subject of robberies, kidnappings and murders" and that "the risk of robberies inherently exists in the check-cashing business." There is no evidence that the Town Board of Hempstead, when it enacted section 302 (K), was worrying about armed robbery; but the Town, relying on the presumption of validity accorded to zoning legislation (*see Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338, 344 [1980]; *Town of Huntington v Park Shore Country Day Camp of Dix Hills*, 47 NY2d 61, 65-66 [1979]) argues that, if any valid purpose for the enactment can be imagined, the body enacting it must be deemed to have had that purpose in view.

We reject the Town's argument. Deference to legislative enactments, at least where the issue is abuse of the zoning power, does not go as far as the Town would have us go. The record here clearly refutes the idea that section 302 (K) was a public safety measure. Assuming, without deciding, that a concern about armed robberies would justify a zoning regulation, this one cannot be justified on that ground.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and PIGOTT concur; Judge RIVERA taking no part.

Order affirmed, with costs.