■ BLUE ISLAND DEVELOPMENT, LLC, et al., Respondents-Appellants, v TOWN OF HEMPSTEAD et al., Appellants-Respondents. LONG ISLAND BUILDERS INSTITUTE, Nonparty Respondent. [15 NYS3d 807]—

In an action, inter alia, for a judgment declaring invalid a determination of the Town Board of the Town of Hempstead dated November 12, 2013, which denied the plaintiffs' application for the modification of a restrictive covenant adopted July 13, 2010, the defendants appeal, as limited by their notice of appeal and brief, from (1) so much of an order of the Supreme Court, Nassau County (Brown, J.), entered August 11, 2014, as, upon converting a proceeding pursuant to CPLR article 78 to an action pursuant to CPLR 3001 for declaratory relief, denied their motion to dismiss the complaint pursuant to CPLR 3211 (a), and (2) so much of an order of the same court entered November 25, 2014, as, upon reargument, adhered to so much of the determination in the order entered August 11, 2014, as denied those branches of their motion which were to dismiss the first and second causes of action, and the plaintiffs cross-appeal, as limited by their brief, from (1) so much of the order entered August 11, 2014, as denied, as premature, their cross motion for summary judgment, inter alia, declaring the subject restrictive covenant invalid, and (2) so much of the order entered November 25, 2014, as, upon reargument, vacated so much of the order entered August 11, 2014, as denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the third cause of action, which alleged a taking pursuant to the takings clauses of the state and federal constitutions, and thereupon granted that branch of the defendants' motion.

Ordered that the appeal from the order entered August 11, 2014, is dismissed, as that order, insofar as appealed from by the defendants, was superseded by the order entered November 25, 2014, made upon reargument; and it is further,

Ordered that the order entered August 11, 2014, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order entered November 25, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered November 25, 2014, is reversed insofar as cross-appealed from, on the law, and, upon reargument, the determination in the order entered August 11, 2014, denying that branch of the defendants' motion which was to dismiss the third cause of action is adhered to; and it is further;

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs, Blue Island Development, LLC, and Posillico

Development Company at Harbor Island, Inc. (hereinafter together Blue Island), purchased land in the Town of Hempstead which had formerly been used as an oil storage facility. Blue Island intended to remediate the environmental contamination and thereafter to develop the property into 172 waterfront condominium units. In 2008, it petitioned the Town and the Town Board of the Town of Hempstead (hereinafter together the Town) for a change in the zoning of the property to permit the proposed use. The Town granted the zoning change requested. In connection with the rezoning, restrictive covenants were imposed on the property, including a provision which required Blue Island to sell all the units in the proposed developments as condominium units, but which permitted subsequent owners of the units to lease them to the extent otherwise permissible under town law.

In 2010, Blue Island petitioned the Town for a modification of that restrictive covenant and, at its request, the Town modified the subject covenant in a resolution dated July 13, 2010, to provide that Blue Island was permitted to lease up to 17 of the 172 units for a period of five years after the issuance of the certificate of occupancy or until the delivery of title to the 155th unit, whichever occurred first. In 2013, Blue Island sought a further modification allowing it to sell 32 units and maintain the remaining 140 as rentals. In a resolution dated November 12, 2013, the Town denied this application without explanation.

Blue Island then commenced a hybrid CPLR article 78 proceeding/declaratory judgment action challenging the Town's denial of its application. In its petition/complaint, Blue Island sought CPLR article 78 relief, invalidation of the restrictive covenant pursuant to RPAPL 1951, and relief pursuant to the takings clauses of the state and federal constitutions. The Town interposed a pre-answer motion to dismiss the matter pursuant to CPLR 3211, and Blue Island cross-moved for summary judgment on the petition/complaint.

In an order entered August 11, 2014, the Supreme Court determined that Blue Island's challenge to the zoning action could not be entertained as a CPLR article 78 proceeding because it challenged a legislative act, and converted that claim to a CPLR 3001 declaratory judgment cause of action pursuant to CPLR 103 (c). The court then determined that each of Blue Island's claims stated a cause of action and, consequently, denied the Town's motion to dismiss them pursuant to CPLR 3211 (a). The court denied Blue Island's cross motion for summary judgment as premature. The Town moved for leave to

reargue its dismissal motion and, in an order entered November 25, 2014, the court granted reargument. Upon reargument, the court directed the dismissal of Blue Island's third cause of action, which was to recover damages for an alleged unconstitutional taking, and otherwise adhered to its prior determination. The Town appeals, asserting that the court should have granted those branches of its motion which were to dismiss the CPLR 3001 and RPAPL 1951 causes of action. Blue Island cross-appeals, asserting that the court should have granted its cross motion for summary judgment and denied that branch of the Town's motion which was to dismiss the unconstitutional taking cause of action.

The power to zone "is not a general police power, but a power to regulate land use" (*Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 20 NY3d 481, 485 [2013]). "It is a 'fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it' " (*BLF Assoc., LLC v Town of Hempstead*, 59 AD3d 51, 55 [2008], quoting *Matter of Dexter v Town Bd. of Town of Gates*, 36 NY2d 102, 105 [1975]; *see Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 20 NY3d at 485). Furthermore, " 'a zoning ordinance will be struck down if it bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare' " (*Nicholson v Incorporated Vil. of Garden City*, 112 AD3d 893, 894 [2013], quoting *Trustees of Union Coll. in Town of Schenectady in State of N.Y. v Members of Schenectady City Council*, 91 NY2d 161, 165 [1997]; *cf. Ehrlich v Incorporated Vil. of Sea Cliff*, 95 AD3d 1068, 1070 [2012]).

"[R]estrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 303 AD2d 536, 537 [2003], *affd* 1 NY3d 424 [2004]). However, even the " '[p]urchase of property with knowledge of [a] restriction does not bar the purchaser from testing the validity of the zoning ordinance [because] the zoning ordinance in the very nature of things has reference to land rather than to owner' " (*BLF Assoc., LLC v Town of Hempstead*, 59 AD3d at 56, quoting *Vernon Park Realty, Inc. v City of Mount Vernon*, 307 NY 493, 500 [1954]; *see Matter of Summit School v Neugent*, 82 AD2d 463, 468 [1981]).

Here, according the complaint the benefit of every possible favorable inference and determining only whether the facts as alleged fit within any cognizable legal theory (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84

NY2d 83, 87-88 [1994]), we find that Blue Island sufficiently alleged that the restrictive covenant is improper because it regulates Blue Island's ability as the owner of the property to rent the units rather than the use of the land itself. Blue Island has further alleged that, particularly in light of the provision permitting future owners to lease units in the development, the restrictive covenant "bears no substantial relation to . . . the public health, safety, morals or general welfare" (*Nicholson v Incorporated Vil. of Garden City*, 112 AD3d at 894 [internal quotation marks omitted]). Accordingly, the Supreme Court properly declined to dismiss the cause of action seeking to declare the restrictive covenant invalid on this basis.

"Pursuant to RPAPL 1951 (1), a restrictive covenant shall not be enforced if, at the time enforceability of the restriction is brought into question, it appears that 'the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason' " (*New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc.*, 19 AD3d 568, 569 [2005], quoting RPAPL 1951 [1]; *see Birt v Ratka*, 66 AD3d 1363, 1364 [2009]; *Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc.*, 65 AD3d 1312, 1314 [2009]; *see also Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 265 [1981]). Here, assuming that there is a benefit to be obtained by requiring the units to be sold rather than rented, Blue Island has alleged that, because the rental restriction imposed by the restrictive covenant applies only to it and not to any subsequent owner of any of the units in the planned development, it is of no substantial benefit to the Town or its citizens. In support of its motion to dismiss, the Town has offered no explanation as to why this is not so. Accordingly, the Supreme Court also correctly determined that Blue Island's complaint stated a cause of action pursuant to RPAPL 1951.

Turning to Blue Island's cross motion for summary judgment, the Supreme Court correctly noted that "[a] motion for summary judgment may not be made before issue is joined (CPLR 3212 [a]) and the requirement is strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *see Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1016 [2012]; *Gaskin v Harris*, 98 AD3d 941, 942 [2012]). Here, the Town had not yet answered the petition/complaint and, therefore, the Supreme Court properly denied the cross motion as premature (*see Gaskin v Harris*, 98 AD3d at 942).

With respect to the third cause of action, which alleged an unconstitutional taking based upon "denial of development, as opposed to excessive exactions" (*Matter of Smith v Town of Mendon*, 4 NY3d 1, 11 [2004]; *see Bonnie Briar Syndicate v Town of Mamaroneck*, 94 NY2d 96, 107 [1999]), the test set forth by the United States Supreme Court in *Agins v City of Tiburon* (447 US 255 [1980]) applies (*see Matter of Smith v Town of Mendon*, 4 NY3d at 13). Pursuant to this test, "a zoning law effects a regulatory taking if either: (1) 'the ordinance does not substantially advance legitimate state interests' *or* (2) the ordinance 'denies an owner economically viable use of his land' " (*Bonnie Briar Syndicate v Town of Mamaroneck*, 94 NY2d at 105, quoting *Agins v City of Tiburon*, 447 US at 260; *see Matter of Smith v Town of Mendon*, 4 NY3d at 9). However, "[a] reasonable land use restriction imposed by the government in the exercise of its police power characteristically diminishes the value of private property, but is not rendered unconstitutional merely because it causes the property's value to be substantially reduced, or because it deprives the property of its most beneficial use" (*Putnam County Natl. Bank v City of New York*, 37 AD3d 575, 577 [2007] [internal quotation marks and citation omitted]). Thus, a court must examine "(1) '[t]he economic impact of the regulation on the claimant'; (2) 'the extent to which the regulation has interfered with distinct investment-backed expectations'; and (3) 'the character of the governmental action' " (*Matter of New Cr. Bluebelt, Phase 4.*, 122 AD3d 859, 861 [2014], quoting *Penn Central Transp. Co. v New York City*, 438 US 104, 124 [1978]; *see Matter of Smith v Town of Mendon*, 4 NY3d at 9; *Putnam County Natl. Bank v City of New York*, 37 AD3d at 577).

Here, Blue Island's complaint alleged both that the restrictive covenant did not advance any legitimate municipal interest and that the covenant denied it an economically viable use of the land. Whether Blue Island can ultimately demonstrate that the denial of a modification to the restrictive covenant effects a taking, it has stated a claim (*see* CPLR 3211 [a] [7]; *cf. Putnam County Natl. Bank v City of New York*, 37 AD3d at 576-577), and the Town has not pointed to any documentary evidence defeating that claim (*see* CPLR 3211 [a] [1]). Accordingly, upon reargument, the Supreme Court should have adhered to its prior determination denying that branch of the Town's motion which was to dismiss the unconstitutional taking cause of action. The Town has also failed to demonstrate that Blue Island's challenge is, as the Town argues, to the resolution adopting the original restrictive covenant rather than to the 2013 resolution denying modification as Blue Island al-

leges in its complaint. Absent such a showing, Blue Island's cause of action alleging an unconstitutional taking cannot be dismissed as time-barred (*see* CPLR 214 [4]; *see generally Linzenberg v Town of Ramapo*, 1 AD3d 321, 322 [2003]).

The Town's remaining contention is not properly before this Court (*see Lauder v Goldhamer*, 122 AD3d 908, 910 [2014]; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561 [1986]). Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.