SECOND DEPARTMENT, OCTOBER, 2016

(October 5, 2016)

■ BLUE ISLAND DEVELOPMENT, LLC, et al., Respondents-Appellants, v TOWN OF HEMPSTEAD et al., Appellants-Respondents. [38 NYS3d 255]—

In an action, inter alia, for a judgment declaring a restrictive covenant invalid and unenforceable, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Brown, J.), entered December 9, 2015, as granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, remitted the matter to the Town Board of the Town of Hempstead for further proceedings, and denied their cross motion, inter alia, for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was for summary judgment on the second cause of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs'

motion which was for summary judgment on the second cause of action and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the first cause of action and substituting therefor a provision denying that branch of the motion as academic, and (3) by deleting the provision thereof remitting the matter to the Town Board of the Town of Hempstead for further proceedings; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs, and the matter is remitted to the Supreme Court, Nassau County for the entry of a judgment declaring that paragraph seven of the subject declaration of restrictive covenants is invalid and unenforceable.

The plaintiffs, Blue Island Development, LLC, and Posillico Development Company at Harbor Island, Inc. (hereinafter together Blue Island), purchased land in the Town of Hempstead which had formerly been used as an oil storage facility (*see Blue Is. Dev., LLC v Town of Hempstead*, 131 AD3d 497, 498-499 [2015]). Blue Island intended to remediate the environmental contamination and thereafter develop the property into 172 waterfront condominium units (*see id.* at 499). In 2008, it petitioned the Town and the Town Board of the Town of Hempstead (hereinafter together the Town) for a change in the zoning of the property to permit the proposed use (*see id.*). The Town approved the requested zoning change, but imposed a declaration of restrictive covenants on the property (hereinafter the declaration) (*see id.*). As relevant to this appeal, paragraph seven of the declaration required Blue Island to sell all of the units in the proposed development as condominiums, but permitted any subsequent owners of the units to lease the units to the extent otherwise permissible under town law (*see id.*).

In 2010, Blue Island petitioned the Town for a modification of paragraph seven of the declaration and, at its request, the Town modified paragraph seven to provide that Blue Island was permitted to lease up to 17 of the 172 units for five years after the issuance of the certificate of occupancy or until the delivery of title to the 155th unit, whichever occurred first (*see id.*).

In 2013, Blue Island sought a further modification allowing it to sell 32 units and maintain the remaining 140 units as rentals (*see id.*). By resolution dated November 12, 2013 (hereinafter the 2013 resolution), the Town denied Blue Island's application without explanation (*see id.*).

Blue Island then commenced a hybrid CPLR article 78 proceeding/declaratory judgment action. In the first cause of action, Blue Island sought CPLR article 78 relief with respect to the 2013 resolution. In the second cause of action, Blue Island sought a judgment declaring paragraph seven of the declaration invalid and unenforceable pursuant to RPAPL 1951. In the third cause of action, Blue Island sought relief pursuant to the takings clauses of the state and federal constitutions (*see id.*). The Town interposed a pre-answer motion to dismiss the matter pursuant to CPLR 3211, and Blue Island cross-moved for summary judgment on the petition/complaint.

In an order entered August 11, 2014, the Supreme Court held, inter alia, that Blue Island's challenge to the 2013 resolution could not be entertained as a CPLR article 78 proceeding because it challenged a legislative act. Pursuant to CPLR 103 (c), the court converted the first cause of action into a CPLR 3001 declaratory judgment cause of action, and then denied the Town's motion to dismiss pursuant to CPLR 3211 (a), determining that each of Blue Island's claims stated a cause of action.

The Town moved for leave to reargue its motion and, in an order entered November 25, 2014, the Supreme Court granted reargument and, upon reargument, directed the dismissal of Blue Island's third cause of action, which sought damages for an alleged unconstitutional taking, but otherwise adhered to its prior determination (*see id.* at 499-500). The Town appealed and Blue Island cross-appealed.

In a decision and order dated August 12, 2015, this Court affirmed the November 25, 2014, order insofar as appealed from by the Town, and reversed insofar as cross-appealed from by Blue Island, reinstating Blue Island's third cause of action alleging an unconstitutional taking (*see Blue Is. Dev., LLC v Town of Hempstead*, 131 AD3d 497 [2015]).

As relevant to this appeal, Blue Island thereafter moved for summary judgment on its first cause of action, which sought a judgment declaring the 2013 Resolution invalid, and on its second cause of action, which sought a judgment declaring paragraph seven of the declaration invalid and unenforceable pursuant to RPAPL 1951. The Town cross-moved, inter alia, for summary judgment dismissing the complaint. In an order entered December 9, 2015, the Supreme Court granted that branch of Blue Island's motion which was for summary judgment on its first cause of action and remitted the matter to the Town Board of the Town of Hempstead for further proceedings,

and otherwise denied Blue Island's motion. The court denied the Town's cross motion in its entirety. The Town appeals from so much of the order as granted that branch of the plaintiffs' motion which was for summary judgment on the first cause of action, remitted the matter to the Town Board of the Town of Hempstead for further proceedings, and denied its cross motion, and Blue Island cross-appeals from only so much of the order as denied that branch of its motion which was for summary judgment on the second cause of action. We modify.

The Supreme Court should have granted that branch of Blue Island's motion which was for summary judgment on the second cause of action. Pursuant to RPAPL 1951 (1), "a restrictive covenant shall not be enforced if, at the time enforceability of the restriction is brought into question, it appears that 'the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability' " (*New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc.*, 19 AD3d 568, 569 [2005], quoting RPAPL 1951 [1]; *see Blue Is. Dev., LLC v Town of Hempstead*, 131 AD3d at 501; *Birt v Ratka*, 66 AD3d 1363, 1364 [2009]; *Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc.*, 65 AD3d 1312, 1314 [2009]; *see also Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 265 [1981]). The party seeking relief from the covenant bears the burden of proof (*see New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc.*, 19 AD3d at 569).

Blue Island met its prima facie burden of showing that paragraph seven of the declaration is of no actual and substantial benefit to the Town. In opposition, the Town failed to raise a triable issue of fact, as it offered no explanation to rebut this showing (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court erred in denying that branch of Blue Island's motion which was for summary judgment on the second cause of action.

In light of the foregoing, we need not address the Supreme Court's determination that Blue Island was entitled to summary judgment on the first cause of action.

The Supreme Court properly denied that branch of the Town's cross motion which was for summary judgment dismissing the complaint (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The Town's remaining contentions are without merit. Chambers, J.P., Austin, Maltese and Duffy, JJ., concur.